IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RACHAEL FRANKLIN, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ST. CLAIR COUNTY BOARD )<br>OF EDUCATION, )<br>)<br>DEFENDANT. ) | CIVIL ACTION NO.:<br><br>JURY DEMAND |

## COMPLAINT

### I. JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991", and the Pregnancy Discrimination Act. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, providing injunctive and other relief against gender discrimination and pregnancy discrimination in employment.

### II. PARTIES

2.  Plaintiff, Rachael Franklin, is a female citizen of the United States and is a resident of Leeds, Alabama.

1

3. Defendant, St. Clair County Board of Education, is a governmental entity within the State of Alabama, which employs at least fifteen (15) or more employees and is an employer within the meaning of 42 U.S.C. § 2000e(b)(g) and (h).

## III. ADMINISTRATIVE PROCEDURES

4. Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred at St. Clair County Board of Education.

6. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of gender discrimination, pregnancy discrimination, and subjecting Plaintiff to a hostile work environment.

7. On August 24, 2015, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Exhibit 1

8. Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to

the Plaintiff on February 4, 2016, and Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.  Exhibit 2

9. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLIAMS

### COUNT ONE

#### STATEMENT OF PLAINTIFF'S PREGNANCY DISCRIMINATION CLAIMS

10. Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) above as if fully set forth herein.

11. Plaintiff is female.

12. Plaintiff was pregnant with twins during her employment with Defendant and at the time of her termination.

13. Plaintiff was a good employee and was qualified to hold the position of Teacher.

14. Plaintiff's Supervisor was Principal, Cassandra Taylor.

15. In or around February 2015, Plaintiff informed Defendant and her supervisor, Cassandra Taylor that she was pregnant with twins.

16. Upon Ms. Taylor learning of Plaintiff's pregnancy with twins, Ms. Taylor began treating Plaintiff differently, harassing Plaintiff and creating a hostile

3

working environment.

17. When Cassandra Taylor found out about Plaintiff's pregnancy, Ms. Taylor told Plaintiff, "That's inconvenient."

18. Plaintiff was subjected to harassment by Cassandra Taylor, Principal, regarding her maternity clothes.

19. Plaintiff's maternity clothes were appropriate and did not violate the Defendant's written dress code policy.

20. Other non-pregnant teachers were allowed to wear sweat pants, t-shirts, athletic clothes, and tight/revealing clothing, in violation of the Defendant's dress code, and these employees were not harassed or disciplined by Ms. Taylor.

21. After Cassandra Taylor, Principal, found out Plaintiff was pregnant Ms. Taylor no longer included Plaintiff on committees when Plaintiff had formerly been a committee member.

22. After Cassandra Taylor found out Plaintiff was pregnant Ms. Taylor began ignoring Plaintiff and would not acknowledge Plaintiff when she spoke.

23. After Cassandra Taylor found out Plaintiff was pregnant she made additional harassing and offensive comments to Plaintiff regarding her pregnancy, such as, "I hope you won't need special treatment."

24. Plaintiff was pregnant with twins and was having health issues related to the pregnancy, and as a result, Plaintiff would have to contact her treating

physician on occasion while at work regarding her health related issues.

25. Cassandra Taylor, Principal, harassed Plaintiff when Plaintiff would call her treating physician regarding health related issues related to her pregnancy.

26. Cassandra Taylor and other employees, all of whom were not pregnant, used their personal cell phones during the work day and were not harassed and/or disciplined.

27. When Cassandra Taylor harassed Plaintiff about Plaintiff's phone conversation with her treating physician regarding her health related issues, Plaintiff reminded Ms. Taylor that Ms. Taylor and other employees use their cell phones for personal use during work hours without being harassed and/or disciplined.

28. When Plaintiff complained to Cassandra Taylor that she was being treated differently, Ms. Taylor followed Plaintiff to her classroom and yelled at Plaintiff stating that what she did was none of Plaintiff's business.

29. Ms. Taylor also yelled at Plaintiff on another occasion and stating that she was in charge, Plaintiff didn't need to forget that and she could be on her phone whenever she wanted.

30. Plaintiff has witnessed several teachers, who were not pregnant, on their personal cell phones during work hours and some even stopped their class to take calls.

31. Cassandra Taylor, Principal, did not harass and/or reprimand other teachers for personal calls on their cell phones during work hours.

32. On or about May 19, 2015, prior to the end of the school year, Plaintiff was told she needed to leave work, as "it was best."

33. When Plaintiff was told she needed to leave work she was three months pregnant.

34. When Plaintiff was terminated and three months pregnant, she was escorted by the Assistant Principal, Justin Burns, to her classroom to obtain her personal effects, then Plaintiff was escorted off the premises.

35. Plaintiff was not informed as to why she was being escorted off the premises and forced to leave work.

36. Plaintiff was not informed about being placed on any type of leave when she was escorted off the premises.

37. Melinda Spawn, Human resources, did tell Plaintiff she had not done anything wrong, but this was just best.

38. Cassandra Taylor, Principal, participated in the decision to terminate Plaintiff's employment.

39. Cassandra Taylor informed Plaintiff when she was escorted off the premises that she was not allowed to gather her personal belongings from her classroom and that she would have to return after everyone else had gone to collect

her belongings.

40. Plaintiff was not permitted to finish out the remainder of the school year.

41. Prior to Plaintiff's termination, she did not have any written reprimands or complaints.

42. Defendant subjected Plaintiff to adverse treatment, harassment and discrimination, with respect to the terms and conditions of her employment, including, but not limited to terminating Plaintiff because of her pregnancy.

43. Plaintiff's pregnancy was a motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

44. Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

45. Defendant, upon information and belief, has a habit and/or practice of discriminating against female employees.

46. Defendant's illegal discriminatory, harassing and adverse actions injured Plaintiff.

47. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

48. Defendant condoned and tolerated discrimination, harassment and

other adverse actions toward Plaintiff.

49. Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964", as amended, and the Pregnancy Discrimination Act, as amended.

50. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

51. Plaintiff has satisfied all administrative prerequisites to bring this claim.

## COUNT II

### STATEMENT OF PLAINTIFF'S TITLE VII GENDER DISCRIMINATION/DISPARATE TREATMENT CLAIMS

52. Plaintiff hereby adopts and realleges paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

53. Plaintiff is female.

54. Plaintiff was a good employee and was qualified to hold the position of Teacher.

55. Plaintiff was pregnant with twins during her employment with Defendant.

56. In or around February 2015, Plaintiff informed Defendant she was pregnant with twins.

8

57. After Plaintiff informed Defendant she was pregnant she began to be harassed and treated differently.

58. Plaintiff was harassed regarding her maternity clothes while male teachers were allowed to wear sweat pants, t-shirts, athletic clothes, and clothes that exposed their stomach area, and these male employees were not harassed and/or disciplined.

59. Plaintiff's maternity clothes were appropriate and did not violate the written dress code policy.

60. Plaintiff was pregnant with twins and was having health issues related to the pregnancy.

61. Plaintiff has witnessed several male teachers on their personal cell phones during the workday and some male teachers even stopped their class to take personal phone calls. These male teachers were not harassed and/or disciplined.

62. On or about May 19, 2015, prior to the end of the school year, Plaintiff was terminated.

63. When Plaintiff was terminated she was escorted by the Assistant Principal, Justin Burns, to her classroom to obtain her personal effects, then escorted off the premises.

64. Plaintiff was not permitted to finish out the remainder of the school year.

65. Prior to Plaintiff's termination, she did not have any written reprimands or complaints.

66. Defendant subjected Plaintiff to adverse treatment, harassment and discrimination with respect to the terms and conditions of her employment, including, but not limited to terminating Plaintiff because of her gender, female.

57. Plaintiff's gender was a motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

58. Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

59. Defendant, upon information and belief, has a habit and/or practice of discriminating against female employees.

60. Defendant's illegal discriminatory, harassing and adverse actions injured Plaintiff.

61. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

62. Defendant condoned and tolerated discrimination, harassment and other adverse actions toward Plaintiff.

63. Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964", as amended.

64. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

65. Plaintiff has satisfied all administrative prerequisites to bring this claim.

## V. PLAINTIFF'S PRAYER FOR RELIEF AS TO ALL COUNTS

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court adopt jurisdiction of this action and enter a judgment against Defendants for violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act, as amended, and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act, as amedned;

b. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights Act of 1964", as amended, and the Pregnancy Discrimination Act, as amended;

c.  Grant Plaintiff an order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs;

d.  Grant Plaintiff injunctive relief, including backpay, reinstatement and/or reasonable frontpay (inclusive of pre-judgment and post judgment interest); and

e.  Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

_____
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

WILKINSON LAW FIRM, PC
215 North Richard Arrington, Jr. Blvd.
Suite 200
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax:(205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS:**

Ms. Rachael Franklin
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington Jr. Blvd.
Suite 200
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:**

St. Clair County Board of Education
410 Roy Drive
Ashville, AL 35953

13

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | FEPA<br>EEOC | |

and EEOC _____
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>Rachael Franklin | HOME TELEPHONE (Include Area Code) | | |
|---|---|---|---|
| STREET ADDRESS    CITY, STATE AND ZIP CODE | | SSN: | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>St. Clair County Board of Education | NUMBER OF EMPLOYEES, MEMBERS<br>300+ | TELEPHONE (Include Area Code)<br>205-594-7131 | |
|---|---|---|---|
| STREET ADDRESS   CITY, STATE AND ZIP CODE<br>410 Roy Drive, Ashville, AL 35953 | | | COUNTY<br>St. Clair County |
| NAME | | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS   CITY, STATE AND ZIP CODE | | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| RACE  COLOR  XX SEX  RELIGION  AGE<br>RETALIATION  NATIONAL ORIGIN  DISABILITY  XX OTHER (Specify) Pregnancy Discrimination Act | EARLIEST (ADEA/EPA)   LATEST (ALL)<br>February 2015        May 2015<br>CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)) I believe I have been discriminated against in the terms and conditions of my employment with the St. Clair County Board of Education because of my gender, female, and because of my pregnancy. I was employed with the St. Clair County Board of Education as a teacher. My immediate supervisor was principal, Cassandra Taylor. In or around February 2015, when Ms. Taylor learned that I was pregnant with twins, she began treating me differently and creating a hostile work environment for me. Upon learning of my pregnancy she stated, "That's inconvenient". Further, I was subjected to comments and reprimands regarding my maternity clothes while other teachers were allowed to wear sweat pants, t-shirts, athletic clothes, tight or revealing clothing who were not reprimanded by Ms. Taylor. My maternity clothes were very appropriate and did not violate the written dress code policy.

On May 19, 2015, prior to the end of the school year, I was terminated from my employment, escorted by the Assistant Principal to my classroom to get my personal effects, then escorted off premises. I was not permitted to finish out the remainder of the school year. I was also required to turn in my keys and electronic access fob before I left.

I believe I have been subjected to discrimination and a hostile environment and ultimately terminated due to my gender and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate filing with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) exp. Feb 5, 2019<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*Rachael Franklin*<br>Date   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>*Rachael Franklin*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

RECEIVED AUG 24 2015 BIRMINGHAM E.E.O.C. DISTRICT

# EXHIBIT 2

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Rachael Franklin | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2015-02688 | Debra Powell, Investigator | (205) 212-2085 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

[signature]
Delner Franklin-Thomas,
District Director

FEB 04 2016

*(Date Mailed)*

Enclosures(s)

cc:  St. Clair County BOE
c/o John W. Rea, Attorney
Trussell, Funderburg, Rea & Bell, P.C.
1905 First Avenue South
Pell City, AL 35125

Wilkinson Law Firm, PC
c/o Cynthia Wilkinson
215 North Richard Arrington, Jr., Blvd.
Suite 200
Birmingham, AL 35203

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*